### DOAN, Admrx. v STOUT

Ohio Appeals, 1st Dist, Butler Co

No 812. Decided May, 1941

Casper & Casper, for appellant.
Jack Bosch, Hamilton, for appellee.

### OPINION

BY THE COURT:

This is an appeal on questions of law from an order of the Court of Common Pleas of Butler County, sustaining a motion to quash service of summons in this case.

The first question for consideration is the appealability of such an order, since this involves the jurisdiction of the Court to hear and determine the case on the merits of the question.

The rule is, that an appeal may be taken only from a judgment or final order. To be reviewable, it must be such an order as finally and effectually prevents a judgment. It, therefore, follows that an order of the Court of Common Pleas, sustaining a motion to quash service of summons is not a final order unless such order dismisses the plaintiff's petition upon the granting of such motion. See 2 **O. Jur.**, §128, et seq.

In the case under consideration the Court of Common Pleas made the following entry in disposing of the motion:

"This cause came on to be heard upon the defendant's motion to quash service of summons for the reason that said service of summons was not made personally upon defendant or left at his usual place of residence, and after hearing the evidence and argument of counsel, the court hereby sustains said motion.

"It is, therefore, ordered, adjudged and decreed that the service heretofore shown by plaintiff herein be quashed, set aside, and held for naught, and that said motion to quash service is hereby sustained and the costs herein assessed against the plaintiff.

"To all of which the plaintiff excepts."

It will be noted that in the entry there is no dismissal of the petition, nor any final disposition of the case.

The plaintiff may proceed to issue an alias summons, and the granting of the motion to quash is not a final order under the circumstances from which an appeal may be taken.

The appeal is, therefore, dismissed.

MATTHEWS, PJ., ROSS and HAMILTON, JJ., concur.